FILED
CLERK
9/3/2026
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------X

IN THE MATTER OF THE COMPLAINT

-of-

MICHAEL RICHARDELLI, as Owner of a 1993 Pursuit Express Fisherman vessel named "EVENTIDE" for Exoneration from or Limitation of Liability,

*Petitioner*.

---------------------------------------------X

**ORDER**

25-cv-06362 (NJC) (JMW)

**A P P E A R A N C E S:**

Michael Stern
Joanna Grillo
**Gallo Vitucci Klar LLP**
711 Third Avenue, Ste 500
New York, NY 10017
*Attorneys for Petitioner*

*No further appearances*

**WICKS**, Magistrate Judge:

Petitioner, Michael Richardelli, owner of a 1993 Pursuit Express Fisherman vessel, commenced this action pursuant to 46 U.S.C. §§ 30501 *et seq.*, for limitation of liability in connection with a state court action that alleges personal injury causes of action. (*See generally*, ECF No. 1.) This Court entered a Rule 26(f) Scheduling Order on March 16, 2026 (*see* ECF No. 21), and the case is proceeding with discovery. To date, two claimants, Kim Koch ("Koch") and Debora Seccafico ("Seccafico") have failed to appear, and the Clerk has issued an Entry of Default against them. (ECF No. 31.) Following the Entry of Default, Petitioner has moved for default judgment against Koch and Seccafico. (ECF No. 32.) On June 22, 2026, the Hon. Nusrat

J. Choudhury referred the motion for default judgment to the undersigned for a report and recommendation. (*See* Electronic Order dated 6/22/2026.) However, upon review of the motion papers, it is procedurally deficient and may not proceed for the reasons that follow. Since the conclusion is that the motion should be denied with leave to renew, the undersigned proceeds by Order rather than a report and recommendation. *See e.g.*, *Zuniga v. Newmark Wood Working Grp. Inc.*, No. 20-CV-2464 (RPK)(VMS), 2022 WL 3446331, at *4 n.1 (E.D.N.Y. Aug. 17, 2022) ("Because this Court concludes that the motion for default judgment should be denied without prejudice … the disposition of this motion is not dispositive of any party's claim or defense. The Court thus proceeds by Order rather than by Report and Recommendation."); *Field v. Exponential Wealth Inc.*, No. 21-CV-1990 (JGK)(SLC), 2023 WL 2263120, at *7 (S.D.N.Y. Feb. 27, 2023) (same); *Castillo v. Chapines LLC*, No. 22-CV-203 (LDH), 2022 WL 17253521, at *1 (E.D.N.Y. Nov. 28, 2022) (same). For the reasons that follow, the Motion for Default Judgment (ECF No. 32) is **DENIED** without prejudice and with leave to renew.

## DISCUSSION

In determining whether a default judgment should be entered, the court reviews procedural compliance first and then the substantive matters. There is a two-step process for the granting of a default judgment under Fed. R. Civ. P. 55. First, as here, the Clerk of the Court enters default when a party fails to plead or otherwise defend the action. *See* Fed. R. Civ. P. 55(a); *see also* E.D.N.Y. Loc. Civ. R. 55.1(b) and 55.2. After the clerk's certificate of default is issued and posted on the docket, a party may apply for entry of a default judgment. Fed. R. Civ. P. 55(b); *see also* E.D.N.Y. Loc. Civ. R. 55.2. The decision to grant a motion for default is left to the sound discretion of the district court. *No Limit Auto Enterprises, Inc. v. No Limit Auto Body, Inc.*, No. 21-CV-4755 (AMD)(JMW), 2022 WL 18399477, at *2 (E.D.N.Y. Dec. 12,

2022), *report and recommendation adopted*, 2023 WL 348271 (E.D.N.Y. Jan. 19, 2023). As the Clerk has already entered default against Defendant (ECF No. 31), the Court is primarily concerned with Petitioner's compliance with the Local Rules, which Petitioner has failed to do.

Local Civil Rule 7.1 requires motions to include a notice of motion, a memorandum of law, and supporting affidavits or exhibits containing any necessary factual information for the decision of the motion. E.D.N.Y. Local R. 7.1(a)(1) - (3). Local Civil Rule 55.2 requires that a party moving for default judgment append to its application an affidavit or declaration demonstrating that (A) the Clerk has entered default against the Defendant, (B) the movant has complied with the SCRA, and (C) that the individual defaulting defendant is not a minor or incompetent, as well as all papers required by E.D.N.Y. Local Rule 7.1 (*supra*), and a proposed judgment and certificate of service that all documents in connection with the motion for default judgment have been personally served on or mailed to the defaulting defendant's residences or business addresses. E.D.N.Y. Local R. 55.2(a)(1)-(3). With respect to the non-military affidavit, before a default judgment can be entered for the plaintiff, the SCRA commands that the Court "require the plaintiff to file with the court an affidavit . . . stating whether or not the defendant is in military service and showing necessary facts to support the affidavit." 50 U.S.C. § 3931; *see also Windward Bora, LLC v. Ortiz*, No. 21-CV-04154 (MKB) (JMW), 2022 WL 3648622, at *5 (E.D.N.Y. July 5, 2022), *report and recommendation adopted*, 2022 WL 3647586 (E.D.N.Y. Aug. 24, 2022).

Here, the motion against the defaulting claimants fails to comply with Local Rule 7.1 and Local Rule 55.2(a)(2) since there is no memorandum of law, affidavits and exhibits to support Petitioner's contentions as the rule mandates. (*See generally*, ECF No. 32.) Additionally, Local Rule 55.2(a)(1)(B) has not been satisfied since Petitioner failed to file proof of the non-appearing

claimants' military statuses. Lastly, the record and the motion papers fail to demonstrate that service of the Summons and Complaint has been properly effectuated for each claimant against whom default is being sought. Indeed, the Court is to review if it has personal jurisdiction before granting motions for default judgment, which the Court cannot do here. *See Smart Study Co., Ltd v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164, 173 (2d Cir. 2025); *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) ("[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant[.]") Therefore, the Court may not proceed to further determine if a default judgment is warranted at this stage based on the above deficiencies.

As a final matter, this case is proceeding with discovery and on the merits of the Complaint as to the other claimants who have appeared. (*See* ECF No. 21; Electronic Order dated 3/20/2026.) Given that, it is more appropriate for the motion for default judgment to be filed *only after* the remainder of the case is resolved. *See e.g.*, *Rivera v. Limassol Grocery, Corp.*, No. 16-CV-6301 (KAM)(SJB), 2019 WL 1320339, at *2 (E.D.N.Y. Jan. 4, 2019) (quoting 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2690 (4th ed. 2018) ("[W]hen one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted")); *R.B. Dev., Co. v. Tutis Cap. LLC*, No. 12-CV-1460 (CBA)(SMG), 2015 WL 10567830, at *7 n.4 (E.D.N.Y. Nov. 6, 2015), *report and recommendation adopted*, No. 12-CV-1460 (CBA)(SMG), 2016 WL 1271033 (E.D.N.Y. Mar. 29, 2016) (internal citations omitted) ("In cases where some, but not all, defendants have defaulted and some defendants continue to litigate live claims, 'courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be

assessed against the defaulting part[ies], since a separate determination of damages would pose the prospect of inconsistent judgments'"); *Friedman v. Lawrence*, No. 90-CV-5584 (VLB), 1991 WL 206308, at *4 n.1 (S.D.N.Y. Oct. 2, 1991) ("Some cases suggest that even if the defaulting defendants are not jointly liable with the non-defaulting defendants, the *Frow* joint-liability analysis is appropriately applied to bar a premature entry of judgment"); *see also Lemache v. Tunnel Taxi Mgmt., LLC*, 354 F. Supp. 3d 149, 155 (E.D.N.Y. 2019) ("There are reasons to avoid a decision on liability as well. There is simply no reason at this stage of the case to determine liability. … It would only be a partial resolution of the pending motion.")

## CONCLUSION

Accordingly, for the reasons set forth above, Petitioner's Motion for Default Judgment (ECF No. 32) is **denied** *without prejudice* and *with leave to renew* at a later stage in the proceedings once the merits of the remaining case have been resolved.

Dated: Central Islip, New York
September 3, 2026

**S O O R D E R E D:**

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge